No. 85-56

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

IFG LEASING COMPANY, a Minnesota
Corporation,

        Plaintiff and Respondent,

   -vs-

JOHN SCHULTZ, JR., ESTHER SCHULTZ,
K.O. DEK LAND COMPANY, LELAND TRAILER
AND EQUIPMENT,

        Defendants and Appellants.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Berger Law Firm; Chris Nelson, Billings, Montana

    For Respondent:

        Lynaugh, Fitzgerald & Hingle; Charles W. Hingle,
Billings, Montana

---

Submitted on Briefs:  May 9, 1985

Decided:  August 29, 1985

Filed: AUG 29 1985

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the Thirteenth Judicial District Court, in and for the County of Yellowstone which found Schultz in debt to IFG Leasing Company for failure to pay monies owed on the lease of certain equipment. We affirm.

John Schultz, Jr. and Esther Schultz were partners doing business as K.O. Dek Land Company. On June 28, 1978, Schultz leased a combine from IFG Leasing Company. The lease called for five annual payments in the amount of $12,150.72, the first payment being due on June 27, 1978, and subsequent payments due on June 25th of each year thereafter. Appellants failed to pay the rental due on June 25, 1979, and all subsequent payments. IFG obtained judgment against appellant in the principal amount of $57,596.29 plus interest at the rate of 10% per annum from the date of default. The combine remains in the possession of the appellant because respondent has not been able to locate it.

The parties entered into a second lease on February 27, 1979, for refrigerated trailer. Leland Trailer and Equipment, the vendor, guaranteed the performance of Schultz. The lease called for five annual rental payments in the amount of $7,536.34, the first payment being due on February 13, 1979, and subsequent payments due on March 25th of each year. Schultz failed to make four installment payments required under the lease. As a consequence, the trailer was sold by Leland for the amount of $17,500. IFG and Leland entered into an agreement whereby Leland would pay IFG the sum of $17,500 for the ownership of the trailer.

IFG credited Schultz's account in the amount of $17,500. A judgment was obtained against Schultz in the amount of $15,553.46 plus interest at 10% per annum. The District Court determined the interest rate by the terms of both lease agreements which provided for interest on default to be paid "at the highest contractual rate permitted by law," and § 31-1-107(1), MCA (1979) which provided for 10% per annum. The total interest due on said obligations equalled $29,745.80 for the period between July 5, 1979, and the date of trial, November 5, 1984.

Two issues are raised on appeal:

(1) Whether respondent failed to mitigate his damages regarding the disposition of the Leland Trailer.

(2) Whether respondent is entitled to prejudgment interest at a rate of 10% per annum.

Initially, this Court recognizes that the dispute at issue is not governed by the provisions of the Uniform Commercial Code. In circumstances where the purported lease gives the lessee the option to acquire the leased goods upon expiration of the lease, the lease is commercially indistinguishable from an installment sales contract, and is governed by the Uniform Commercial Code. Section 30-1-201(37), MCA; Fire Supply and Service, Inc. v. Chico Hot Springs (Mont. 1982), 639 P.2d 1160, 39 St.Rep. 231. However, the facts of this case indicate that the lessee did not have the option to obtain title to the property at no further charge at the termination of the lease. Therefore, we find the characterization of the transaction in the matter before us was a lease of equipment. Diede v. Davis (Mont. 1983), 661 P.2d 838, 40 St. Rep. 394.

Appellants argue that the respondent failed to mitigate damages by accepting $17,500 for the trailer. This amount is alleged to be less than its market value. Mr. Schultz testified that at the time the trailer was taken, its value was between $20,000 and $22,000.

The rule in Montana is that a nondefaulting party in a contractual arrangement must act reasonably under the circumstances so as not to unnecessarily enlarge damages caused by default. Diede v. Davis, supra; Town Pump, Inc. v. Diteman (Mont. 1981), 622 P.2d 212, 38 St.Rep. 54. The sufficiency of the effort to mitigate is a determination for the trier of fact. Bronken's Good Time Company v. J. W. Brown and Associates (Mont. 1983), 661 P.2d 861, 40 St.Rep. 549.

This matter was initiated as a collection action by respondent to recover rent upon appellants' two equipment leases which were in default. The District Court in its findings of fact found the appellants had defaulted on their obligation to pay the rental due on the two leases. As a consequence, the trailer was sold and the proceeds of the sale were credited against the debt due to respondent. The court also determined that both leases required interest to be paid on delinquent payments. Based upon the District Court's findings of fact and conclusions of law the court ordered appellant to pay respondent specific amounts, less the amount credited as represented by the sale of the trailer, representing principal and interest on the two lease agreements. From our review of the record, we conclude that there was substantial evidence in the record to support the $17,500 value for which the trailer was sold, and which amount was credited to the account of the appellants. We

4

hold that the respondent's efforts to mitigate its damages were reasonable under the circumstances.

Appellant next argues that the legal rate of interest, 6% per annum, should have been assigned to the obligations in question rather than the contractual rate, 10% per annum. The District Court in its findings of fact and conclusions of law stated that each lease entered into by the parties provided that:

> interest to be paid on delinquent payments at "the highest contractual rate permitted by law." Section 31-1-107(1), MCA (1979) fixes that rate at 10% per annum, and is applicable under the facts and circumstances of this case.

The appellants maintain because the leases do not state the amount of interest to be charged on these obligations, the legal rate, 6% should be applied.

Section 31-1-107(1), MCA (1979), the statute in effect at the time of the execution of the two leases provided that:

> [the] parties may agree in writing for the payment of any rate of interest not more than 10% per annum or more than 4 percentage points in excess of the discount rate on 90-day commercial paper in effect at the federal reserve bank in the ninth federal reserve district, whichever is greater, and such interest shall be allowed according to the terms of the agreement.

Section 31-1-107(1), MCA, prior to amendment by (1981) Mont.Laws, Chapter 275, Sec. 8; (1983) Mont. Laws, Chapter 9, Sec. 1; (1983) Mont. Laws, Chapter 567, Sec. 1.

Appellants primarily rely on Big Sky Livestock, Inc. v. Herzog (1976), 171 Mont. 409, 558 P.2d 1107. The case involved interest based upon an action on an account for veterinary drugs. The jury's award of 10% per annum was reversed and the legal rate was instated. However, in the

5

summary reversal, this Court did not address any written agreement or an interest rate established by the parties. In the present matter, the terms of the written lease agreement addressed the rate of interest. The provision of the agreement which required interest to be paid on delinquent payments at "the highest contractual rate permitted by law" clearly required the contractual rate at 10% as established by § 31-1-107(1), MCA (1979), to apply.

Accordingly, the order of the District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____
Justices

6